# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICOLE DENISE MOORE,<br><br>        Plaintiff,<br><br>vs.<br><br>NU-WAY CAFÉ,<br><br>        Defendant. | Case No. 13-1171-MLB-KGG |

## **ORDER ON IFP STATUS**

Plaintiff Micole Denise Moore filed a federal court Complaint alleging employment discrimination based on her race. (Doc.1.) In conjunction with her Complaint, Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Plaintiff's motion, as well as his financial affidavit and Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to her financial affidavit, Plaintiff is 39-years-old and single with one listed dependant, her 12-year-old daughter. (Doc. 3-1, at 1-2.) She is currently employed, making a modest wage that is slightly less than she was making for Defendant. (*Id*., at 2-3.) She does not own a vehicle or real property. (*Id*., at 3-4.) She lists no cash on hand and no income from other sources, although she previously received an undisclosed amount of child support, which has apparently stopped. (*Id*., at 4-5.)

Plaintiff lists standard monthly expenses, including rent, groceries, and utilities. (*Id*., at 2.) She has not filed for bankruptcy. (*Id*., at 3.)

There is ambiguity in Plaintiff's affidavit as to whether her listed income is

weekly or monthly. If monthly, the Court has concerns as to how Plaintiff is able to meet her stated monthly expenses, which would be two to three times the listed amount of income. Assuming the amount of listed income is weekly, Plaintiff's income only exceeds her expenses by a few hundred dollars each month. Regardless of which income calculation is correct, the Court finds that Plaintiff has established that her access to the Courts would otherwise be severely inhibited and that she is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

Dated at Wichita, Kansas, on this 3rd day of June, 2013.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge